# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED
May 24, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM R. ADAMS,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0631**  (BOR Appeal No. 2050098)
(Claim No. 2013033592)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William R. Adams, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Steven Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 4, 2015, in which the Board affirmed a December 10, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges addressed the claims administrator's February 25, 2014, decision closing Mr. Adams's claim for temporary total disability benefits and retroactively terminating his temporary total disability benefits, effective January 21, 2014. The Office of Judges affirmed the portion of the claims administrator's decision closing Mr. Adams's claim for temporary total disability benefits. However, the Office of Judges determined that the claims administrator prematurely suspended Mr. Adams's temporary total disability benefits and therefore granted him additional temporary total disability benefits from January 22, 2014, through February 16, 2014. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Adams sustained a left rotator cuff tear on April 19, 2013, when he tripped over a piece of wood while performing his occupational duties. On August 28, 2013, the rotator cuff

1

tear was arthroscopically repaired by Stanley Tao, M.D. Following the surgical repair of his torn rotator cuff, Mr. Adams participated in physical therapy. On December 17, 2013, Prasadarao Mukkamala, M.D., performed an independent medical evaluation. He opined that Mr. Adams had reached maximum medical improvement with respect to the April 19, 2013, injury and recommended that Mr. Adams stop participating in physical therapy and instead complete two weeks of work conditioning before returning to work. The claims administrator authorized the work conditioning program recommended by Dr. Mukkamala, and Mr. Adams participated in a work conditioning program from January 2, 2014, through January 17, 2014.

On February 17, 2014, Dr. Tao examined Mr. Adams. He indicated that Mr. Adams's left rotator cuff is now stable and stated that Mr. Adams may return to work on February 24, 2014. On February 25, 2014, the claims administrator closed Mr. Adams's claim for temporary total disability benefits and simultaneously retroactively suspended his temporary total disability benefits, effective January 21, 2014.

The Office of Judges affirmed the portion of the claims administrator's decision closing Mr. Adams's claim for temporary total disability benefits. However, the Office of Judges determined that the claims administrator prematurely suspended Mr. Adams's temporary total disability benefits and granted him additional temporary total disability benefits from January 22, 2014, through February 16, 2014. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated June 4, 2015. On appeal, Mr. Adams asserts that he is entitled to receive temporary total disability benefits until the date on which he returned to work, namely February 24, 2014.

West Virginia Code § 23-4-7a (2005) states that temporary total disability benefits are not payable after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. The Office of Judges noted that both Dr. Mukkamala and Dr. Tao found that Mr. Adams has reached maximum medical improvement with respect to the April 19, 2013, injury. Further, the Office of Judges found that there is not any medical evidence of record demonstrating that Mr. Adams remained temporarily totally disabled at the time of the claims administrator's closure of the claim. Therefore, the Office of Judges determined that the February 25, 2014, claims administrator's decision should be affirmed insofar as it closed Mr. Adams's claim on a temporary total disability basis.

However, the Office of Judges concluded that Mr. Adams's temporary total disability benefits were prematurely suspended. The Office of Judges noted that after Mr. Adams completed the work conditioning program recommended by Dr. Mukkamala, he was not re-evaluated by a physician until he was examined by Dr. Tao on February 17, 2014. Based upon his February 17, 2014, examination, Dr. Tao concluded that Mr. Adams's condition is stable. The Office of Judges concluded that based upon Dr. Tao's findings, Mr. Hall reached maximum medical improvement on February 17, 2014. Therefore, the Office of Judges granted Mr. Adams additional temporary total disability benefits from January 22, 2014, through February 16, 2014.

We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Although Dr. Mukkamala opined that Mr. Adams reached maximum medical

improvement on December 17, 2013, he also recommended that he participate in a two-week work conditioning program before returning to work. Following his participation in the recommended work conditioning program, he was not re-evaluated by a physician until February 17, 2014, at which time Dr. Tao opined that the April 19, 2013, injury had stabilized. Therefore, pursuant to the provisions of West Virginia Code § 23-4-7a, the Office of Judges properly concluded that Mr. Adams was entitled to continuing temporary total disability benefits until the date on which Dr. Tao determined that he reached maximum medical improvement.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 24, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3